UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 23-00102-CJC (JDEx)            Date: February 8, 2023

Title: <u>KINGSLEY MANAGEMENT CORP. ET AL. V. CITY OF SANTA ANA</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Rolls Royce Paschal</u>            <u>N/A</u>
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER FOR PLAINTIFFS TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE STAYED**

    On January 14, 2022, Plaintiffs filed an action (the "First Action") against the City of Santa Ana (the "City") after the City passed two ordinances: a rent control ordinance and a just-cause eviction ordinance (the "First Subject Ordinances"). *See* Complaint, *Kingsley Mgmt. Corp. v. City of Santa Ana*, No. SACV 22-00076 (C.D. Cal. Jan. 14, 2022), ECF No. 2. Plaintiffs brought six causes of action, claiming that the First Subject Ordinances conflict with various state laws and contain internal conflicts, the just-cause eviction ordinance is unconstitutionally vague, the rent control ordinance violates their due process rights, and various purported effects of the First Subject Ordinances constitute a taking. *See* First Amended Complaint, *Kingsley Mgmt.*, No. SACV 22-00076 (C.D. Cal. Mar. 4, 2022), ECF No. 19.

    After issuing an order to show cause to Plaintiffs, the Court stayed the First Action on July 7, 2022, pursuant to the doctrine of *Pullman* abstention. *See* Order Staying Case Pursuant to *Pullman* Abstention Doctrine, *Kingsley Mgmt.*, No. SACV 22-00076 (C.D. Cal. July. 7, 2022), ECF No. 34; *see also Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 500 (1941). That same month, Plaintiffs appealed that order. *See* Notice of Appeal, *Kingsley Mgmt.*, No. SACV 22-00076 (C.D. Cal. July. 7, 2022), ECF No. 35. Later, based on the City's adoption in October 2022 of "a single combined ordinance known as the 'City of Santa Ana Rent Stabilization and Just Cause Eviction Ordinance,'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 23-00102-CJC (JDEx)  Date: February 8, 2023
Page 2

effective November 18, 2022 (the "New Ordinance"), Plaintiffs filed a motion in this Court for an indicative ruling to the Ninth Circuit that the Court would grant a motion to lift the stay so that Plaintiff could file a second amended complaint.  *See* Order Denying Plaintiffs' Motion for an Indicative Ruling at 2, *Kingsley Mgmt.*, No. SACV 22-00076 (C.D. Cal. July. 7, 2022), ECF No. 41.  The Court denied the motion because "Plaintiffs d[id] not argue that the changes reflected in the New Ordinance affect the Court's reasoning in the Stay Order that *Pullman* abstention applies" and that "the Court d[id] not see how it would."  *Id.* at 5.

Out of options in the First Action, Plaintiffs decided to file a second action—this one—alleging what appear to be similar claims of conflicts with state law, vagueness, substantive due process, and uncompensated takings regarding the New Ordinance.  (*See* Dkt. 1 [Complaint].)  Thus, the Court **ORDERS** Plaintiffs to show cause in writing by **February 22, 2023**, on (1) why this action should not likewise be stayed pursuant to the doctrine of *Pullman* abstention, *see Pullman*, 312 U.S. at 500; *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 939-940 (9th Cir. 2002) (explaining the elements of *Pullman* abstention), and (2) why this action should not be stayed pending the Ninth Circuit's decision on the appeal in the First Action given the apparent similarity of the issues in this action and the First Action and the desire to avoid unnecessarily duplicative litigation.  The City may file a response no later than **March 8, 2023**.

jso

MINUTES FORM 11
CIVIL-GEN                                                                                   Initials of Deputy Clerk RRP